HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PEGGY KRAUSE, in her personal capacity as the Personal Represenative for the Estate of SEAN HANCHETT;<br><br>Plaintiff,<br><br>v.<br><br>SNOHOMISH COUNTY, a political subdivision of the State of Washington; et al.,<br><br>Defendants. | CASE NO. 2:25-cv-00130-RAJ<br><br>ORDER ON MOTION TO STRIKE DEFENDANT SNOHOMISH COUNTY'S AFFIRMATIVE DEFENSES |

## I.   INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Peggy Krause's Motion to Strike Defendant Snohomish County's Affirmative Defenses (the "Motion," Dkt. # 53). Defendant Snohomish County and a number of its current and former employees (collectively, "Defendants") filed a response to the Motion (the "Response," Dkt. # 56), along with the declaration of Deborah A. Severson (Dkt. # 57) in support of the Response. Plaintiff subsequently filed a reply in support of the Motion (the "Reply," Dkt. # 58).

For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion.

## II.     BACKGROUND

This action was originally filed by Plaintiff in King County Superior Court on January 9, 2025, Case No. 25-2-00725-1 SEA, and removed to this Court by Defendant Snohomish County on January 21, 2025.  Dkt. # 1.  On January 28, 2025, Snohomish County filed its Answer and Affirmative Defenses to Plaintiff's Complaint, which it amended on February 14, 2025.  Dkt. ## 8, 24.  The parties met and conferred in an effort to resolve Plaintiff's objections to Snohomish County's affirmative defenses, but reached an impasse.  Dkt. # 27.  Subsequently, Plaintiff filed a Motion to Strike Snohomish County's Affirmative Defenses, which was fully briefed by March 22, 2025.  Dkt. ## 26, 35, 37.

While the initial Motion to Strike was pending, Plaintiff filed a Stipulated Motion to Amend the Complaint, which this Court granted.  Dkt. ## 41–42.  Plaintiff accordingly filed the First Amended Complaint, which remains the operative pleading in this matter.  Dkt. # 42.  Following the filing of the First Amended Complaint, this Court terminated Plaintiff's initial Motion to Strike as moot.  On July 7, 2025, Defendants filed an Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint, which contained a number of the same affirmative defenses as its previous pleading.  Dkt. # 51.  As the parties reportedly remain at an impasse, Plaintiff filed this renewed Motion, requesting that the Court strike Defendants' First, Second, Third, Fourth, Sixth, and Seventh Affirmative Defenses to the First Amended Complaint.  Dkt. # 53.

## III.     LEGAL STANDARD

Courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Rule 12(f) motions

to strike serve to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).  They are generally disfavored given their vulnerability to exploitation as a delay tactic, and due to the strong policy favoring resolution of disputed issues on the merits.  *See, e.g.*, *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018) (citations and internal quotation marks omitted).  In adjudicating a Rule 12(f) motion to strike, a reviewing court should refrain from resolving any disputed and substantial factual or legal issues. *See Whittlestone,* 618 F.3d at 973–75 (Rule 12(f) "does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law.").

## IV.    DISCUSSION

Defendants assert seven affirmative defenses in their Answer to Plaintiff's First Amended Complaint.  Dkt. # 51 at 17–19.  Plaintiff moves to strike six of Defendants' affirmative defenses on the basis that they "are improper, [are] insufficiently asserted, or will be unsuccessful under any set of circumstances." Dkt. # 53 at 1.

### A.    First Affirmative Defense

Defendants' first affirmative defense is that Plaintiff has failed to state a claim upon which relief may be granted.  Dkt. # 51 at 17.  However, as Plaintiff correctly counters, failure to state a claim is "not an appropriate affirmative defense because it attempts to point out defects in Plaintiff's *prima facie* case." *Tapia v. NaphCare Inc.*, No. 22-1141, 2025 WL 296575, at *3 (W.D. Wash. Jan. 24, 2025) (citations omitted). Dkt. # 53 at 4.  Rather, it is "merely a negation of Plaintiff's claims." *CMRE Fin. Servs. Inc. v. Doxo Inc.*, No. 2:22-cv-00298-RAJ-BAT, 2022 WL 3579597, at *5 (W.D. Wash.

June 9, 2022), *report and recommendation adopted,* No. 2:22-cv-00298-RAJ-BAT, 2022 WL 3577420 (W.D. Wash. Aug. 18, 2022).  However, this is "not a basis to strike under Rule 12(f)."  *Hargrove v. Hargrove*, No. 16-1743-RAJ, 2017 WL 1788426, at *2 (W.D. Wash. May 5, 2017).  Instead, the Court will "simply consider" Rule 12(b) attacks to the adequacy of the pleadings "not as affirmative defenses, but as general denials or objections."  *In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, No. 08-MD-1919-MJP, 2011 WL 1158387, at *2 (W.D. Wash. Mar. 25, 2011).

Accordingly, the Court **DENIES** Plaintiff's Motion as to Defendants' First Affirmative Defense; however, the Court will consider Defendants' First Affirmative Defense as a general denial or objection.

**B.     Second Affirmative Defense**

Defendants' Second Affirmative Defense provides: "With respect to Plaintiff's negligence, gross negligence and medical negligence claims, the damages and/or injuries to Plaintiff, if any, were proximately caused or contributed to by the fault of decedent or the commission by decedent of negligent, wrongful, and/or criminal acts. County Defendants liability, if any, should be reduced by the percentage of fault of decedent." Dkt. # 51 at 18.  Both parties set forth thorough analyses offering competing interpretations of applicable state law relating to several apparently key legal questions. Most critically, the parties disagree as to whether Washington's "special relationship" doctrine prohibits Defendants from asserting a comparative fault or contributory negligence defense in the correctional context (and if so, to what extent that prohibition applies in this case).  *See* Dkt. # 53 at 4–8; Dkt. # 56 at 5–8.

It is clear to the Court that the parties' conflicting interpretations of Washington law presents a "substantial legal issue," the resolution of which may determine the viability of Defendants' Second Affirmative Defense.  This kind of dispute is

inappropriate for resolution on a motion to strike affirmative defenses. *Whittlestone,* 618 F.3d at 973–75. The Court accordingly **DENIES** Plaintiff's Motion as to Defendants' Second Affirmative Defense.

The Court is, alternatively, amenable to the certification of question(s) of law relevant to Defendants' Second Affirmative Defense to the Washington Supreme Court. To the extent that the parties wish to certify determinative questions of law with respect to this affirmative defense, the parties shall file, within twenty-one (21) days of the date of this Order, a joint submission setting forth the mutually agreeable question(s) for certification to the Washington Supreme Court.

**C.     Third Affirmative Defense**

Defendants' Third Affirmative Defense provides: "If Plaintiff suffered any damages, recovery is barred by Plaintiff's failure to mitigate damages." Dkt. # 51 at 18. Defendants contend that the Third Affirmative Defense, as drafted, provides "fair notice" to Plaintiff, noting that "[w]hen a jailer's affirmative duty arises in the context of a state law negligence action, it does not bar failure to mitigate in a federal civil rights action." *Id.* (citing *Cooper v. Whatcom County, et. al.*, 650 F.Supp.3d 1144 (W.D. WA 2023)). Defendants also rely on the lack of a "heighten[ed] standard for affirmative defenses" in the Ninth Circuit, arguing that they are only required to describe the defense in "general terms." Dkt. # 56 at 10 (citing *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)).

Defendants, however, plead *no* facts suggesting that Plaintiff may have failed to mitigate the injuries alleged in this matter. *See, e.g.*, *Leos v. Rasey*, No. 14-2029, 2016 WL 1162658, at *3 (E.D. Cal. Mar. 24, 2016) (striking failure to mitigate defense where the defendants "fail[ed] to set forth *any* facts to suggest why they think" plaintiff "contributed to his injuries and . . . failed to mitigate his damages") (emphasis in original).

Indeed, they in fact concede that, at this stage, they "cannot know whether Plaintiff has taken any action to mitigate her alleged injuries and damages," given that Plaintiff "has not yet been deposed."  Dkt. # 56 at 10–11.  This kind of conclusory "placeholder" language preserving a party's anticipated future defense, pending the outcome of discovery, is misplaced.  *See Dawson v. Genesis Credit Mgmt.*, No.17-0638, 2017 WL 2800180, at *1 (the use of "affirmative defenses as 'placeholders' without any factual support or specificity is inappropriate.")

The Court accordingly **GRANTS** Plaintiff's Motion as to Defendants' Third Affirmative Defense without prejudice.  This ruling does not restrict Defendants' ability to reassert this affirmative defense at a later date if warranted by the outcome of fact discovery in this matter.

D.     **Fourth Affirmative Defense**

Defendants' Fourth Affirmative Defense provides: "The actions of Defendants Snohomish County, Adam Fortney, Ian Huri, and Debbie Ballinger [sic] manifested a reasonable exercise of judgment and discretion by authorized public officials and were made in the exercise of governmental authority entrusted to them by law. Such actions are neither tortious nor actionable." Dkt. # 51 at 18.  Defendants contend that, "[t]o the extent Plaintiff's complaint alleges that Defendants Fortney, Huri and Ballinger [sic] put in place policies that caused or contributed to Mr. Hanchett's death," their affirmative defense is "well pled" and should not be stricken.  Dkt. # 56 at 12.

As with the Third Affirmative Defense, however, Defendants fail to plead *any* specific facts underlying this defense.  They acknowledge as much, but submit that they are "unable" to do so because "Plaintiff has not alleged specific facts." Dkt. # 56 at 12. As previously discussed, this argument does not serve to support a proper affirmative defense, but rather amounts to an attack on the sufficiency of Plaintiff's *prima facie*

complaint. *Tapia*, 2025 WL 296575, *3. Defendants are still bound by their obligation to set forth *some* factual basis to sufficiently plead an affirmative defense. *See, e.g.*, *Hanney v. Epic Aircraft LLC*, No. 6:21-CV-01199-MK, 2022 WL 6592556, at *3 (D. Or. Oct. 6, 2022); *Travelers Indem. Co. v. Goldman*, No. 8:19-CV-01036-PSG (JDEX), 2020 WL 5372108, at *23 (C.D. Cal. May 8, 2020) (quotation omitted).

The Court accordingly **GRANTS** Plaintiff's Motion as to Defendants' Fourth Affirmative Defense without prejudice. This ruling does not restrict Defendants' ability to reassert this affirmative defense at a later date if warranted by the outcome of fact discovery in this matter.

E.   **Sixth Affirmative Defense**

Defendants' Sixth Affirmative Defense provides: "Pursuant to RCW 5.40.060, Plaintiff cannot recover because Sean Hanchett was under the influence of intoxicating drugs, such condition was the proximate cause of his death, and he is more than fifty percent at fault." Dkt. # 51 at 18. Plaintiff submits that, under Washington law, "the County's nondelegable duty to protect inmates extends to protection from self-harm, whether intentional or not." Dkt. # 53 at 11–12. Additionally, Plaintiff asserts that *Anderson v. Grant County*, 539 P.3d 40 (Wash. App. 2023)—the same intermediate appellate court precedent cited in her argument in favor of striking Defendants' Second Affirmative Defense—provides that RCW 5.40.060 "does not apply to cases where the injured party is being held in custody." Dkt. # 58 at 6.

As with Defendants' Second Affirmative Defense, it is clear to the Court that the parties' conflicting interpretations of Washington law presents a "substantial legal issue," the resolution of which may determine the viability of Defendants' Sixth Affirmative Defense. Specifically, the parties clearly dispute the extent to which RCW 5.40.060 applies in the correctional context. This substantial legal issue is not appropriate for

ORDER - 7

resolution on a motion to strike. *Whittlestone,* 618 F.3d at 973–75. The Court accordingly **DENIES** Plaintiff's Motion as to Defendants' Sixth Affirmative Defense.

The Court is, alternatively, amenable to the certification of question(s) of law relevant to Defendants' Sixth Affirmative Defense to the Washington Supreme Court. To the extent that the parties wish to certify determinative questions of law with respect to this affirmative defense, the parties shall file, within <u>twenty-one (21) days</u> of the date of this Order, a joint submission setting forth the mutually agreeable question(s) for certification to the Washington Supreme Court.

F.    **Seventh Affirmative Defense**

Defendants' seventh affirmative defense provides: "With respect to Plaintiff's state law claims, Plaintiff Peggy Hanchett, personally, may have failed to comply with the requirements of RCW 4.96, et. seq. The Claim for Damage Form received by Defendant was by Peggy Krause, Personal Representative of the Estate of Sean Hanchett." Dkt. # 51 at 18–19. Plaintiff, however, clarifies that she is *not* bringing any state law claims in her personal capacity, only federal law claims. Plaintiff agrees to voluntarily dismiss any "tort claim . . . outside of the Wrongful Death Statute" brought in Plaintiff's personal capacity. Dkt. # 58 at 5–6. This appears to resolve the parties' dispute with respect to this affirmative defense. The Court accordingly **GRANTS** Plaintiff's Motion as to Defendants' Seventh Affirmative Defense without prejudice. This ruling does not restrict Defendants' ability to reassert this affirmative defense at a later date to the extent that discovery in this matter indicates that the dispute is no longer moot.

//

//

//

ORDER - 8

V. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion. Dkt. # 53.

Dated this 17th day of December, 2025.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge